**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1035**

JOSEPH COVELL BROWN,

        Plaintiff - Appellant,

      v.

MARCUS PORTER, in his individual capacity; NORFOLK STATE UNIVERSITY; BOARD OF VISITORS OF NORFOLK STATE UNIVERSITY; COMMONWEALTH OF VIRGINIA; TRACCI K. JOHNSON, in her individual capacity,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:19-cv-00376-RBS-RJK)

Submitted: December 29, 2021              Decided: February 4, 2022

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Alastair C. Deans, Chesapeake, Virginia, for Appellant. Mark R. Herring, Attorney General, Samuel T. Towell, Deputy Attorney General, Sandra S. Gregor, Assistant Attorney General, Toby J. Heytens, Solicitor General, Michelle S. Kallen, Deputy Solicitor General, Jessica Merry Samuels, Deputy Solicitor General, Kendall T. Burchard, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF

VIRGINIA, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his expulsion from Norfolk State University, Joseph Covell Brown sued the university and two of its officials, among others, alleging violations of his Fourteenth Amendment right to procedural due process, gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 to 1688, and breach of contract under Virginia law. On appeal, Brown challenges the district court's dismissal of his due process claim against the university officials and its dismissal of his gender discrimination and breach of contract claims. We have reviewed the record and conclude that the district court correctly determined that the university officials were entitled to qualified immunity on Brown's due process claim and that Brown failed to plausibly allege gender discrimination or breach of contract. Moreover, Brown's gender discrimination claim was too speculative to warrant discovery. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*